IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                           No.  05-40017-02-SAC

SERIGNE NDIAYE,

           Defendant.

MEMORANDUM AND ORDER

This case, set for trial on August 17th, 2005, comes before the court on defendant's motion in limine.  In this motion, defendant seeks an order excluding any testimony or evidence relating to telephone calls placed from or to a telephone or telephones owned or subscribed to by the defendant.  Dk. 58.  Defendant additionally notes its belief that the government's generic Rule 16 notice of expert testimony is insufficient, and asks the court to exclude irrelevant testimony noted in therein.

**MOTION IN LIMINE STANDARDS**

A creature of neither the Federal Rules of Civil Procedure nor the

Federal Rules of Evidence, the motion in limine gives a court the chance " 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D.Md.1987)); see also *see United States v. Cline*, 188 F. Supp. 2d 1287, 1291-1292 (D. Kan. 2002). Though such rulings can work a savings in time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence. Thus, the *in limine* exclusion of evidence should be reserved for those instances when the evidence plainly is "inadmissible on all potential grounds." *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003). The better judicial practice is to defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987, 96 S.Ct. 395, 46 L.Ed.2d 303 (1975); *Hunter v. Blair*, 120 F.R.D. 667 (S.D. Ohio 1987); *see, e.g.*, *United States v. Lawless*, 153 F.3d 729, 1998 WL 438662, at *4 (10th Cir. July 15, 1998) ("The admissibility of Rule 404(b) evidence will generally be a fact-bound determination, depending to a significant degree on the character of the other evidence admitted at trial, all of which requires

a balancing of probative value versus unfair prejudice at trial." (citations omitted)*), cert. denied*, 525 U.S. 1027 (Nov. 30, 1998).

A trial court may alter its limine ruling based on developments at trial or on its own sound judicial discretion. *Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). Some in limine rulings, like those involving Rule 403, "are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in." *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir.1996) (citing *United States v. Mejia-Alarcon*, 995 F.2d 982, 987 n. 2 (10th Cir.), *cert. denied*, 510 U.S. 927, 114 S.Ct. 334, 126 L.Ed.2d 279 (1993)). "A district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d at 1152 (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir.1995)).

**Telephone Calls**

Defendant contends that evidence relating to telephone calls placed to or from telephones owned or subscribed to by defendant is irrelevant and should be precluded. Defendant believes that no evidence will be presented at trial to indicate who placed the calls, who received the calls, or what the content of the calls was, and that therefore any information relating to these Arizona telephone calls is fatally irrelevant. Defendant additionally asserts, without discussion, that the

3

prejudicial effect of such evidence outweighs its probative value and should be excluded under Fed. R. Evid. 403.

In its response, the government admits that it will not be calling any witness from Arizona connected with the phone calls, and clarifies its intent to offer the following: approximately 17 telephone calls made to this defendant's phone from a phone subscribed to by Carlos Gutierrez in Phoeniz, Arizona on March 14, 15, 16, and 17; three calls placed from defendant's phone on March 15 to the Gutierrez number; and six calls placed on March 14 and 15 to defendant's phone from a phone subscribed to by Rosa Valle of Phoenix, Arizona. The government contends that the fact these calls were placed is relevant to show knowledge and absence of mistake or accident on the part of defendant. The government asks the court to consider the calls in light of defendant's post-arrest statements to law enforcement officers, which include defendant's admission that he met two unknown Mexican males at a Phoenix shopping center parking lot where they filled the bus with boxes and bags, and defendant's denial of knowledge that the boxes and bags contained a controlled substance.

The court believes that the calls made to and from phone numbers of Phoenix, Arizona subscribers having Hispanic sur-names on and about the date defendant received the boxes and bags of marijuana from two Mexican males in

Phoenix, Arizona is relevant to show defendant's knowledge. The court additionally recognizes that the mere frequency, pattern, or timing of the calls could be relevant to the issues in this case, even absent any statements by defendant.

Defendant's conclusory assertion that this evidence is unduly prejudicial is unpersuasive, as no prejudicial effect has been shown or is likely to flow from the admission of the fact that certain telephone calls were placed to and from certain numbers on certain dates. Finding that the probative value of this evidence outweighs any such prejudicial effect, the court denies defendant's request.

**Government's Expert Notice**

Defendant additionally asks the court to prohibit the government from introducing any expert testimony irrelevant to this case. The government filed its notice of expert testimony pursuant to Fed. R. Crim. P. 16(a)(1)(G). (Dk. 39). Over the span of its nine pages, the notice discloses generic testimony that any law enforcement officer might offer in almost any case involving drug trafficking charges. The defendant complains that the government's filing does not notify the defendant of what expert testimony the government intends to offer in this particular drug trafficking case.

Thereafter, and in apparent response to defendant's concerns, the

government filed a supplemental Rule 16 notification, in which it outlined the expected expert testimony to be offered in this case. (Dk. 63.) This supplemental notification cures any deficiencies in the prior notice and complies with the letter and spirit of Rule 16.

IT IS THEREFORE ORDERED that defendant's motion is denied.

Dated this 16th day of August, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge