IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                          No. 05-40017-02-SAC

SERIGNE NDIAYE,

          Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for new trial pursuant to Fed. R. Crim. P. 33. After deliberating less than two hours on August 18, 2005, the jury found the defendant guilty of the single count indictment which charged him with knowingly and intentionally possessing with the intention to distribute approximately 979.64 pounds of marijuana. The defendant timely filed his motion for new trial pursuant to Fed. R. Crim. P. 33, arguing error in the admission of certain evidence and challenging the sufficiency of the evidence.

A court may grant the defendant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. In deciding a motion for new trial, the court is afforded discretion and is free to weigh the evidence and assess witness credibility, but should regard such motions with disfavor and grant them only with great caution. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999), *cert.*

*denied*, 529 U.S. 1029 (2000). The court should grant a new trial if there has been "any error of sufficient magnitude to require reversal on appeal." *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (quotation and citation omitted), *aff'd*, 28 Fed. Appx. 902 (10th Cir. 2001). The burden of proving the necessity of a new trial rests with the defendant. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994); *Walters*, 89 F. Supp. 2d at 1213.

**Admission of evidence regarding cell phone calls**

Defendant first claims that evidence relating to telephone calls made to and from cell phone numbers assigned to defendant was improperly admitted because no evidence was presented to indicate who made the calls, who received the calls, or what was said during the calls. No additional argument is made and no legal theory is stated in support of defendant's contentions.

The court presumes that the present challenge is to the relevance of the evidence. Rule 401 provides a liberal standard of relevance in stating that evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. This definition incorporates both materiality and probativity factors.

As for materiality, under Rule 401 a fact is "of consequence" when its

existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict. *McVeigh*, 153 F.3d at 1190 (quotation marks and citation omitted). Only a minimal degree of probability is required. *Id.* The evidence is sufficiently probative if it tends to show the existence of the asserted fact is "more ⋯-probable than it would be without the evidence." *Id.* (quotation marks and citations omitted.)

*Gardetto v. Mason*, 1999 WL 1188838, *6 (10th Cir. 1999).

The court previously addressed what it believes to be the same objection to admission of the telephone calls when ruling upon defendant's motion in limine. When defendant alleged prior to trial that the telephone calls were irrelevant and unduly prejudicial, the court held:

> The government asks the court to consider the calls in light of defendant's post-arrest statements to law enforcement officers, which include defendant's admission that he met two unknown Mexican males at a Phoenix shopping center parking lot where they filled the bus with boxes and bags, and defendant's denial of knowledge that the boxes and bags contained a controlled substance.
> The court believes that the calls made to and from phone numbers of Phoenix, Arizona subscribers having Hispanic sur-names on and about the date defendant received the boxes and bags of marijuana from two Mexican males in Phoenix, Arizona is relevant to show defendant's knowledge. The court additionally recognizes that the mere frequency, pattern, or timing of the calls could be relevant to the issues in this case, even absent any statements by defendant.

Dk. 70, p. 5.

As anticipated, defendant's statement was admitted at trial that he received the boxes and bags which were later discovered to contain marijuana from

3

two Mexican males in Phoenix, Arizona, on or about the dates of the disputed telephone calls. Defendant also stated that he did not know what was in the packages, but knew it was something illegal and not guns. Evidence showed that telephone calls were placed to a phone possessed by defendant from phones registered to two persons having Hispanic sur-names in Phoenix, Arizona on or about the dates of the baggage pick up and defendant's arrest. Additional evidence was admitted that telephone calls were placed from a phone possessed by defendant to a phone registered to one of those persons having a Hispanic sur-name in Phoenix, Arizona, on or about the dates of the baggage pick up and defendant's arrest. Evidence of the dates, times and durations of those calls was also admitted.

The court reaffirms its prior ruling that evidence of these cell phone transactions is probative of defendant's involvement in the drug transaction and his knowledge of the contents of the bags and boxes. The evidence is thus relevant, and is by no means prejudicial. Because the defendant has not alleged any manner in which the court's ruling was in error, the court cannot more fully address defendant's concerns.

### Sufficiency of evidence

Defendant's second contention is that there is insufficient evidence to

permit the jury to find him guilty.  Because the elements of possession and intent to distribute were not challenged at trial, the sole contested issue was whether defendant had the requisite knowledge of controlled substances.   No direct evidence of defendant's knowledge was presented so the government's case was admittedly based on circumstantial evidence, as is typical in drug possession trials.

When the sufficiency of the supporting evidence is challenged, the court must examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see United States v. Bailey*, 327 F.3d 1131, 1140 (10th Cir. 2003).  In reviewing the sufficiency of the evidence, the court must consider the direct and circumstantial evidence, as well as the reasonable inferences to be drawn from that evidence.  *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993) (citing *United States v. Fox*, 902 F.2d 1508, 1513 (10th Cir.), *cert. denied*, 498 U.S. 874 (1990)).  The court must accept the jury's resolution of conflicting evidence, as well as the jury's apparent credibility calls.  *Davis*, 1 F.3d at 1017 (citing *United States v. Youngpeter*, 986 F.2d 349, 352 (10th Cir. 1993)).  " '[T]he evidence presented to support the conviction must be substantial; ⋯ it must do more than raise a mere suspicion of guilt.'"  *United States v. Torres*, 53 F.3d 1129, 1133-34 (10th Cir.)

(quoting *United States v. Sanders*, 928 F.2d 940, 944 (10th Cir.), *cert. denied,* 502 U.S. 845 (1991)), *cert. denied*, 515 U.S. 1152 (1995).

On the other hand, the evidence " 'need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt.'" *United States v. Johnson*, 42 F.3d 1312, 1319 (10th Cir. 1994) (quoting *United States v. Alonso*, 790 F.2d 1489, 1493 (10th Cir. 1986)), *cert. denied,* 514 U.S. 1055 (1995).  So long as the jury's verdict is " 'within the bounds of reason,'" it will not be disturbed on appeal.  *United States v. Ramirez*, 63 F.3d 937, 945 (10th Cir. 1995) (quoting *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993)).  " 'A jury will not be allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility.  Such a finding is infirm because it is not based on the evidence.'"  *United States v. Jones*, 49 F.3d 628, 632 (10th Cir. 1995) (quoting *Sunward Corp. v. Dun & Bradstreet, Inc.*, 811 F.2d 511, 521 (10th Cir. 1987) (quoting *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982))).

"An inference is reasonable only if the conclusion flows from logical and probabilistic reasoning."  *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995).  The Tenth Circuit looks to the following in deciding whether an inference is reasonable:

> "The line between a reasonable inference that may permissibly be drawn by a jury from basic facts in evidence and an impermissible speculation is not drawn by judicial idiosyncrasies. The line is drawn by the laws of logic. If there is an experience of logical probability that an ultimate fact will follow from a stated narrative or historical fact, then the jury is given the opportunity to draw a conclusion because there is a reasonable probability that the conclusion flows from the proven facts."

*Jones*, 49 F.3d at 632 (quoting *Tose v. First Pennsylvania Bank*, N.A., 648 F.2d 879, 895 (3d Cir.), *cert. denied*, 454 U.S. 893 (1981)). "Additionally, 'the essential requirement is that mere speculation be not allowed to do duty for probative facts after making due allowance for all reasonably possible inferences favoring the party whose case is attacked.'" *Jones*, 49 F.3d at 632 (quoting *Galloway v. United States*, 319 U.S. 372, 395 (1943)). Finally, a conviction may not be upheld by piling inference upon inference. *Jones*, 44 F.3d at 865.

Credible, unrefuted, and consistent evidence was admitted at trial of defendant's knowledge, including the following: 1) testimony that the boxes of marijuana in the passenger portion of the vehicle where defendant sat omitted a noticeable odor, described by different witnesses as "slight," "strong," and "overwhelming;"; 2) testimony by Lt. Jimerson that defendant was "very nervous," as evidenced by defendant's shaking hands and avoidance of direct eye contact; 3) defendant's admission that he knew he was hauling something illegal which was not guns; 4) defendant's implausible statement to Trooper Scott Morris that defendant

had recently taken a group of persons from Atlanta to Denver but did not know where he dropped them off, had no passenger manifest for them, and had no contact information or names for them; 5) defendant's admission that he went to Phoenix where he and the co-defendant met two Mexican males who loaded boxes and bags into the bus; 6) defendant's statement to Matthias Agurd, the owner of the bus defendant drove, that he planned to drive the bus to Missouri, contrasted to the fact that he drove it to Arizona; 7) defendant's statement to Special Agent Marshall that was to be paid $5000 for taking the group to Colorado, contrasted to his subsequent statement to her he was to be paid $6,000 for getting the packages back to Atlanta and his statement to Trooper Morris that he was to be paid $8,000 for the latter job; 8) defendant's inconsistent version of events in telling Trooper Morris that co-defendant Tunkara directed his acts, telling Special Agent Marshall that Tunkara was just along for the ride, and then later telling her Tunkara told him where to go; 9) defendant's statement to troopers that he had gone to Colorado before he went to Arizona, contradicted by dated receipts found in the bus which showed defendant had gone to Arizona first; 10) defendant's claim to have no knowledge of the two Mexican men who met him and Tunkara in a Phoenix parking lot, contrasted to the frequent telephone calls to defendant's cell phone on the dates defendant was in Phoenix from a cell phone registered to a Phoenix person

with a Hispanic name; 11) defendant's failure to answer when Lt. Jimerson asked him why he was taking the boxes to Atlanta, followed by his response to other law enforcement officers that they were to deliver the boxes to a man named James, whose last name defendant did not know, in some Atlanta parking lot; 12) telephone calls to defendant's cell phone in the bus, from persons having Hispanic names, of sufficient frequency and length to have set up the drug deal, and indicative of attempts to communicate with defendant even after defendant's arrest; and 13) Matthias Agurd's testimony that defendant was under financial pressure and was struggling to make it, but defendant was willing to pay an additional $2,000 for the bus's projected late return to Atlanta.

Although these factors may not compel the conclusion that defendant knew that the bags contained controlled substances, they certainly permit that inference and justify the jury in so finding.

IT IS THERE FORE ORDERED that defendant's motion for new trial (Dk. 80) is denied.

Dated this 13th day of September, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge