IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                  No.  05-40017-02-SAC

SERIGNE NDIAYE,

           Defendant.

MEMORANDUM AND ORDER

      Serigne Ndiaye is one of two defendants named in a single count drug trafficking indictment that charged possession with the intention to distribute approximately 1025 pounds of marijuana.  The defendant went to trial on this indictment, and on August 18, 2005, the jury returned a guilty verdict.  The presence report ("PSR") recommends a base offense level of 28 (over 400 kilograms of marijuana) and a criminal history category of one for a resulting guideline range of 78 to 97 months.

      The addendum to the PSR reflects one unresolved objection by the defendant.  The defendant objects arguing he meets the criteria for the safety valve adjustment in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) and is entitled to the two-level reduction afforded in U.S.S.G. § 2D1.1(b)(7).  In his recently filed sentencing

memorandum, the defendant posits that "he has told the government everything he knows about the case and has since his first interview subsequent to his arrest." (Dk. 83, p. 1). The defendant asserts his eligibility for the safety valve does not depend on his disclosed information being useful or relevant to the government. The government's summary response found in the PSR addendum is that the defendant has not complied with subsection (5) of U.S.S.G. § 5C1.2.

A defendant may receive a two-level deduction pursuant to U.S.S.G. § 2D1.1(b)(7) if he meets the criteria in subdivisions (1)-(5) of U.S.S.G. § 5C1.2 (a). Based on the government's response, the only issue appears to be whether the defendant has complied with the fifth criteria by "truthfully provid[ing] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). The burden rests with the defendant to prove he meets all five criteria. *United States v. Virgen-Chavarin*, 350 F.3d 1122, 1129 (10th Cir. 2003). Section 5C1.2 requires a defendant to not only be truthful but to be complete and disclose everything he knows about the offense of conviction and relevant conduct. *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1276-77 (10th Cir.), *cert. denied*, 125 S. Ct. 180 (2004).

The defendant told officers that the trip ending with his arrest and conviction for drug trafficking began with him transporting 14 persons from Atlanta, Georgia, to Denver, Colorado.  The defendant described his customers as entrepreneurs from his native country of Senegal.  According to the defendant, he had transported this same group of entrepreneurs on other occasions before the trip in question.  The defendant, however, could not provide officers with the name of any member from this group.  The defendant's professed inability to recall the name of customers whom he had transported repeatedly on an extended trips is not credible.  At this time, the court finds that the defendant has not carried his burden of proving he has provided truthful and complete information to the government concerning the offenses of conviction and relevant conduct.

The defendant's sentencing memorandum requests a sentence below the guideline range.  He argues that his offense of conviction is aberrant behavior as evidenced by his criminal history which shows no prior involvement in drugs.  The defendant points to his good work history and his personal circumstances of having two small children and a wife who also is an immigrant.  The defendant asks the court to impose a sentence that is approximately fifty percent of the sentence advised by the sentencing guidelines.

After *United States v. Booker*, 125 S. Ct. 738 (2005), sentencing

courts no longer mandatorily apply the guidelines but rather consult them along with the other factors set forth in 18 U.S.C. § 3553(a) before imposing the sentence.  A sentencing court now must calculate the guideline range, review other relevant factors in the guidelines and § 3553(a), and impose a reasonable sentence. *See United States v. Hopkins*, 128 Fed. Appx. 51, 56, 2005 WL 827135 at *5 (10th Cir. 2005).  The guidelines remain "important to the overall reasonableness of any sentence imposed by a court post-Booker." *United States v. Taylor*, 413 F.3d 1146, 1152 (10th Cir. 2005) (citation omitted).

      A criminal history category of one appropriately reflects the defendant's minor criminal history.  The court is not persuaded that this factor deserves any greater consideration in this case.  The defendant's prior conviction is for using another person's identity to get a driver's license, and the defendant's inclination to dissemble has some significance now as the defendant puts on the pretense of being completely truthful with law enforcement officers.  The timing of the defendant's change of employment and his significant role in this drug trafficking offense involving a substantial amount of marijuana and the suspicious use of his cell phones work against him in arguing for aberrant behavior.  Not only the large quantity of drugs involved but the distance they were being transported indicate the breadth and seriousness of this offense.  The defendant's personal

4

family circumstances are certainly a relevant consideration and deserving of a sentence at the low end of a reasonable sentencing range.

The court finds that a sentence of 78 months imprisonment would be sufficient but not greater than necessary to fulfill the purposes of sentencing identified in 18 U.S.C. § 3553(a). Such a sentence reflects the seriousness of the offense, provides just punishment, and affords adequate deterrence to criminal conduct. In light of the defendant's age, history and personal characteristics, as identified and argued in his sentencing memorandum, the court believes this sentence should protect the public from future criminal conduct by the defendant.

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is overruled.

Dated this 15th day of November, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge