IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                        Nos.  05-40017-02-SAC
                                       08-4009-SAC

SERIGNE NDIAYE,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to proceed in forma pauperis (Dk. 115) and for the district court's decision on whether to issue a certificate of appealability. Convicted at a jury trial of possession with the intention to distribute approximately 1025 pounds of marijuana, the defendant, Serigne Ndiaye appealed his conviction and sentence. (Dk. 90). His appellate counsel filed an *Anders* brief, and the Tenth Circuit dismissed the appeal because the record failed to establish any non-frivolous issue. (Dk. 99). The defendant then filed a motion for relief under 28 U.S.C. § 2255 (Dk. 103). The court denied that motion on its merits in a memorandum and order filed June 3, 2008. (Dk. 111). The defendant has filed a notice of appeal, and the Tenth Circuit has docketed

the appeal and indicated by its letter that the district court would be reviewing issuance of a certificate of appealability. (Dk. 114). The defendant has since filed a motion to proceed in forma pauperis. (Dk. 115).

An appeal from a final order in a proceeding under 28 U.S.C. § 2255 may not be taken unless a judge or circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). The certificate issues "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted). When claims are rejected on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Thus, a determination whether to issue a certificate entails a review of the § 2255 claims and a preliminary

2

and general evaluation of their merits. *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005), 547 U.S. 1164 (2006). "'This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims' " and, " '[i]n fact, the statute forbids it.'" *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). This preliminary evaluation, however, entails a consideration of the applicable legal framework. *Miller-El*, 537 U.S. at 338. The movant must "prove something more than the absence of frivolity or the existence of mere good faith," and this proof must be that a reasonable jurist would find the appealed order to be at least debatable even if the petitioner will not prevail on appeal. *Id.*

In his motion to proceed in forma pauperis (Dk. 115), the defendant asks the court to consider his § 2255 pleadings as a request for a certificate of appealability. The court has reviewed again the defendant's issues and arguments advanced in his § 2255 filings. (Dks. 103, 106, 109, and 110). The defendant has not shown that jurists of reason would find it debatable whether the petition states a valid claim of being denied effective assistance of counsel. When his counsel requested an interpreter, the district court denied the request based on the defendant's demonstrated ability to understand English and communicate with his counsel. The

3

defendant's proffer completely fails to establish prejudice from his counsel's failure to present the defendant's testimony. The defendant's efforts similarly fall far short of showing prejudice in his counsel's failure to hire an investigator or interview the co-defendant. Nor can the court find any debatable merit in the defendant's other arguments that are fully contradicted by the official record. The court, however, grants the defendant's request to proceed in forma pauperis, one or more of the defendant's arguments do satisfy the minimal threshold of being reasoned and not frivolous. See 28 U.S.C.A. § 1915(a)(3) ( "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

IT IS THEREFORE ORDERED that defendant's motion to proceed in forma pauperis (Dk. 115) is granted but his request for issuance of a certificate of appealability (Dk. 115) is denied.

Dated this 28th day of August, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge